IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EMMANUEL F. GOMEZ, <br><br> Petitioner, <br><br> vs. <br><br> STATE OF MONTANA, <br><br> Respondent. | CV-21-31-M-DLC-KLD <br><br> FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on a document filed by state pro se prisoner Emmanuel F. Gomez entitled "Petition for Equitable Tolling Pursuant to 28 USCS § 2244(d)(1) or Extension of Time to File Federal Habeas Petition." (Doc. 1.) For the reasons discussed below, this matter should be dismissed.

**I.   Analysis**

Mr. Gomez was convicted of Partner Family Member Assault and Deliberate Homicide in Montana's Fourth Judicial District Court, Missoula County. (Doc. 1 at 1.)[1] He appealed his conviction; on March 31, 2020, the Montana Supreme Court affirmed. *Id.*

---

[1] See also, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3021024/ (accessed March 22, 2021).

1

Mr. Gomez is currently incarcerated at the Crossroads Correctional Center ("CCC"). He indicates that he began preparing his state postconviction petition in a timely fashion but explains his access to the library and legal research materials, including Lexis Nexis, was initially limited to no more than 3 ½ hours per week. *Id*. at 1. Further, as a result of facility lockdowns in response to COVID-19, beginning in March of 2020, access to legal research and materials was limited even further. Inmates were denied access altogether or, in the best case, afforded access to legal research materials for 45 minutes per week. *Id*. at 2. This sporadic and limited access to legal materials has made his postconviction work difficult. Mr. Gomez has not yet been able to file his state postconviction petition and indicates he is seeking an extension. *Id*. at 3-4. He explains that once the matter is resolved in the state's highest court, it is likely his federal filing period will have passed. *Id*. at 4.

Mr. Gomez explains that in January of 2021, CCC implemented its tablet program and he began having regular access to legal research. *Id*. at 3. Accordingly, Mr. Gomez believes that his legal impediment to filing was removed on January 2, 2021, when he was provided in-house access to Lexis Nexis via the tablet. *Id*. For all of these reasons, Mr. Gomez requests that this Court either prospectively toll his federal filing deadline or, alternatively, grant him an extension of time in which to file his 28 U.S.C. § 2254 petition.

The problem with Mr. Gomez's filing is that he has not set forth any grounds that this Court could construe as a claim(s) for relief against his state conviction. What he has filed, either read as a "petition for equitable tolling" or a motion for extension of time, does not confer jurisdiction to this Court over Mr. Gomez's claims. See e.g., Rule 2( c) of the Rules Governing Section 2254 Cases, (explaining that the petition, among other filing requirements, must: specify all grounds for relief available to petitioner; state the facts supporting each ground; and, state the relief requested); see also, *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Dismissal should be **without prejudice**, allowing Mr. Gomez to return to this Court if and when he fully exhausts the claims relative to his current custody.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also

decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Because Mr. Gomez has not set forth any constitutional claims, he has not made a corresponding substantial showing that he was deprived of a constitutional right.  Further, because this Court lacks jurisdiction, reasonable jurists would find no basis to encourage further proceedings at this juncture.  There are no close questions and there is no reason to encourage additional proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Gomez's Petition (Doc. 1) should be DISMISSED without prejudice for lack of jurisdiction.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Gomez may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Gomez must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 23rd day of March, 2021.

>  */s/ Kathleen L. DeSoto*
> Kathleen L. DeSoto
> United States Magistrate Judge

---

act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Gomez is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.