IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EMMANUEL F. GOMEZ, | CV 21–31–M–DLC |
| Petitioner, | |
| vs. | ORDER |
| STATE OF MONTANA, | |
| Respondent. | |

Before the Court is the Findings and Recommendation of United States

Magistrate Judge Kathleen L. DeSoto.  (Doc. 2.)  Judge DeSoto recommends that

the Court dismiss Petitioner Emmanuel F. Gomez's Petition for Equitable Tolling.

(Doc. 1.)  She further recommends that the Court deny a certificate of appealability

("COA").  (Doc. 2 at 7.)  Gomez does not object.

Absent objection, the Court reviews for clear error.  *See United States v.*

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474

U.S. 140, 149 (1985).  Clear error review is "significantly deferential" and exists if

the Court is left with a "definite and firm conviction that a mistake has been

committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations

omitted).

Reviewing for clear error, the Court finds none.  At bottom, Mr. Gomez

seeks to prospectively toll any habeas petition he may file in the future due to

difficulties accessing the law library at the Crossroads Correctional Center in Shelby, Montana. (Doc. 1 at 1–3.) While sympathetic to the obstacles Mr. Gomez has faced in conducting legal research from prison during a global pandemic, the Court agrees with Judge DeSoto that, at this juncture, it lacks jurisdiction over this matter. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution[.]"). Mr. Gomez's Petition, however styled, provides no grounds for habeas relief. Indeed, and, as Judge DeSoto points out, even if the Court construes Mr. Gomez's Petition as one for equitable tolling, he still must establish *what* rights he has been diligently pursuing. *Cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (petitioner seeking equitable tolling sets forth specific constitutional violations). Again, Mr. Gomez's filing specifies no rights that federal habeas law is designed to vindicate.

The Court also agrees that, because Mr. Gomez has failed to set out any constitutional claims, no reasonable jurists could disagree with its conclusion and that the issues presented by Mr. Gomez's Petition do not deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). The Court will deny a COA.

Accordingly, having conducted clear error review, IT IS ORDERED that the Court ADOPTS Judge DeSoto's Findings and Recommendations (Doc. 2) IN FULL.  Consequently, IT IS ORDERED that Mr. Gomez's Petition (Doc. 1) is DISMISSED without prejudice for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court shall enter, by separate document, a judgment of dismissal without prejudice in favor of Respondent and against Mr. Gomez.

Finally, IT IS ORDERED that a COA is DENIED.

DATED this 27th day of May.

Dana L. Christensen, District Judge
United States District Court